subsequently another mortgage was executed in favor of the complainant, covering the same property, but not recorded, the evidence was *held* sufficient to show that a subsequent purchaser under a deed, expressly reciting that the purchaser assumed a mortgage in favor of complainant, had no knowledge of the existence of the unrecorded mortgage, and where he paid an amount in excess of that due on the recorded mortgage in the mistaken belief that he was in fact paying such mortgage, which payment the mortgagee applied to the payment of the unrecorded mortgage, he was entitled to be reimbursed *pro tanto*.

---

## F. R. Dennis, Appellee, v. Charles R. Jones, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Mattoon; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action by F. R. Dennis, plaintiff, against Charles R. Jones, Dudley G. Hayes, and George Hoffman, defendants, on a joint promissory note of the defendants. From a judgment against him, the other defendants not having been served, Charles R. Jones appeals.

The plaintiff brought suit as indorsee of the payee for accrued interest. After the introduction of the note in evidence by plaintiff, appellant called plaintiff as a witness. He testified that he did not know the makers but that he bought the note after his bankers had investigated them; that he did not ask the payee what it was given for but that the payee told him it was given for some of his mausoleum interests; that he paid $1,500 in cash and transferred $3,000 of stock at 50 cents on the dollar for the note on July 16, 1913.

One of the joint makers of the note testified that in a conversation with plaintiff a few weeks before the trial, plaintiff told him that he held the note as collateral security for a loan. Appellant introduced in evidence a contract between the payee and the appellant under which the payee agreed to procure certain mausoleum rights for a corporation to be organized, and which was the consideration for the note sued upon, and other notes.

ANDREWS & REAL and ARCHIBALD CATTELL, for appellants.

JOHN B. KING, LEO G. HANA and VAUSE, HUGHES & KIGER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. PLEADING, § 432*—*when date of note need not be proved as alleged.* Where, in an action for interest on a promissory note, the declaration correctly alleged the date on which such interest accrued, *held* that the date of the note, laid under a *videlicet*, need not be proved as alleged.

2. BILLS AND NOTES, § 56*—*when failure to perform contract does not constitute failure of consideration for note.* Failure of the payee of a note to perform a contract, the promise to perform which was alleged by one of the makers to have been the consideration for which the note was made, *held* not a defense to an action thereon, against a maker, by a holder in good faith before maturity, where it was not alleged that the contract had been canceled or attempted to be canceled.

3. BILLS AND NOTES, § 448*—*when evidence sufficient to show that plaintiff is an indorsee in good faith before maturity.* Evidence introduced by a defendant in an action on a promissory note, *held* to show that the plaintiff was an indorsee in good faith before maturity.

4. PLEDGES, § 10*—*when indorsee holding note on collateral security not affected by defenses.* In an action by an indorsee before

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

maturity of a negotiable promissory note against a maker thereof *held* that though the plaintiff held the note merely as collateral security for a loan made to the payee, that would not be a defense unless the plaintiff knew of or had notice of such facts as would put a reasonably prudent man on inquiry concerning defenses to the note.

## James White and William J. Brown, Executors, Appellants, v. John S. Lewis, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Final report in settlement of an estate filed by James White and William J. Brown, executors of the estate of Eliza J. Lewis, deceased. Objections thereto filed by John S. Lewis. From an order approving the report and ordering distribution, John S. Lewis appealed to the Circuit Court, and from an order of that court, sustaining some objections and overruling others and ordering the executors to restate the account, the executors appeal.

TAYLOR & TAYLOR, for appellants.

GEORGE T. WALLACE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.